JOHN JOHNSON-MAAKESTAD, BY THE NAME, ETC.,

v.

ANDREW H. JOHNSON ET AL.

*Fraudulent Conveyance—Partnership Debts—Judgments and Decrees.*

1. It is not necessary that a decree shall follow the exact language employed in a prayer for relief. It is sufficient if it substantially grants the relief prayed for.

2. Upon a bill filed for the purpose of setting aside the conveyance of certain real estate, the same being alleged to have been made without valuable consideration and in fraud of the rights of complainants, this court declines, in view of the evidence, to interfere with the decree in their behalf.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Lee County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Mr. CLYDE SMITH, for appellants.

*Probata et allegata* should correspond. Ohling v. Luitjens, 32 Ill. 23; Chaffin v. Heirs of Kimball, 23 Ill. 36; Rowan v.

Bowles et al., 21 Ill. 17; Scott et al. v. Harris et al., 113 Ill. 447.

The proof must support the bill and not be inconsistent with the theory of the bill. House v. Davis, 60 Ill. 367.

Only such relief as is specially prayed—where there is no prayer of general relief—can be given. Story Eq. Pl., Sec. 40; Daniell's Ch. Pr. and Pl., Vol. 1, p. 377.

A partnership can not sue a member thereof. Stoddard v. Wood, 9 Gray, 90; Bracken v. Kennedy, 3 Scam. 558; Buckmaster v. Gowen, 81 Ill. 153.

The interest of a partner in firm property is *per my et per tout*. Taft v. Schwamb, 80 Ill. 289.

One partner has the right to collect debts due the firm and give discharges therefor. Major v. Hawkes, 12 Ill. 297.

As between themselves, the right one partner has to receive debts due the firm continues unless limited by positive agreement. Granger v. McGilvra, 24 Ill. 152.

A failure to have a judgment set aside will not estop the defendant in judgment upon showing that it was upon an item of partnership account, from having the execution of such judgment enjoined. Gregg v. Brower, 67 Ill. 525.

Mr. R. S. FARRAND, for appellees.

Solicitor for appellants states as a proposition of law that a partnership or partner can not sue a member thereof. This, I think, is subject to modifications. The general rule is that "A partner may sue at law a partner on a promise to pay a balance which has been struck and agreed upon. The reason for this is clear and certain. It is that all the reasons for refusing this remedy at law disappear from such a case. For, in the first place, as to a settled balance they are no longer partners. If the settlement has closed their concern, or has followed the dissolution of the partnership, they are no longer partners. If the partnership goes on, they are not partners as to this balance; because it has been taken out of the current account, separated from the partnership, and appropriated to the partner to whom it is due. Parsons on Partnership, 3d Ed., Sec. 278.

"It is not necessary that a final balance be struck." Same, 282.

A very full discussion of the right of one partner to sue another is given by the same author in sections 279, 280, 281, 282, 283, 284 and notes under same.

But we are not forced to rely upon this proposition of law, as we view our case. The judgment was obtained by confession against the defendant Johnson on the third day of January, A. D. 1890. The bill in this cause was not filed until fifteen months afterward, and not until five terms of our Circuit Court had passed since the judgment was obtained.

The defendant having failed during that time to make application to have judgment set aside, is now absolutely bound by it.

"A motion to set aside a judgment by confession entered four terms previously, comes too late." Austin, Adm., v. Lott, 28 Ill. 519, Sec. 7, page 801.

R. S., 1891, provides: "Only so much of any judgment at law shall be enjoined as the complainant shall show himself equitably not bound to pay, and so much as shall be sufficient to pay costs."

In this case the appellants seek indirectly to enjoin the collection of a judgment without filing bill for that purpose and without filing cross-bill, or even asking for affirmative relief in any way. They do not deny that they owe the amount, provided we can convince them that we are seeking the collection of the judgment named in our bill.

In the case of Colson v. Leitch, 110 Ill. 506, which was a creditor's bill, the defendant sought by filing cross-bill to obtain relief on the ground that the judgment mentioned in the creditor's bill was not legally obtained. The court in passing upon that question, says: "He did not then seek to interpose any substantial defense to the cause of action, nor claim that he had been denied the opportunity to interpose such defense. No offer is made by the bill to pay any amount that may be found due on the indebtedness."

HARKER, J.   Under the style of "The Farmers' Company"
appellees and appellant, John Johnson-Maakestad, had for
several years been engaged in buying and selling grain and
coal at the village of Lee, in Lee county, when they, in
February, 1889, ascertained that the indebtedness of the
concern to third parties was $41,598.98, and its total assets
only $21,511.26.

In order to meet the deficit ($20,087.62), it was agreed to
make an assessment upon each member of the company in
proportion to the amount of stock or interest which he held.
The amount assessed against John Johnson-Maakestad was
$1,125, for which he gave two judgment notes payable to
the order of the "Farmers' Company."   One of the notes
he paid when due; on the other, judgment was obtained on
the 3d of January, 1890, for the sum of $681.65.   Two
executions were issued on the judgment, but returned "No
property found."

Two or three days before the notes were executed, Maake-
stad, being the owner in fee of the E. ½ of N. E. ¼ Sec. 36,
T. 39 N., R. 2, E. 3d P. M., Lee county, executed a volun-
tary conveyance of such land to his son, Sjure J. Maakestad.

On the 13th of March, 1891, appellees filed their bill
in this cause for the purpose of setting aside such con-
veyance as being without valuable consideration and in
fraud of their rights, and to subject the land to the pay-
ment of their judgment debt.   The defendants answered
denying any indebtedness to the complainants, and denying
that the conveyance was fraudulent.

The Circuit Court found that the "Farmers' Company"
was a partnership, composed of appellees and John Johnson-
Maakestad; that the judgment obtained on the note was for
the benefit of all the partners; that it was a lien on all the
realty of Maakestad; that the conveyance to his son was
fraudulent, and decreed that it be set aside, and that *fi. fa.*
issue, upon which the land be sold.

In seeking a reversal of the decree appellants make the
following points of contention:

1.   The proofs do not correspond with the allegations in
the bill.

2.   Different relief from that prayed for was granted.

3.   The judgment was irregular and should not be collected.

4.   The allegation of fraud in the conveyance was not sustained by the evidence.

We see no obscurity in the bill nor variance between it and the proofs. It sets out a judgment wherein complainants and Maakestad were plaintiffs, and Maakestad was defendant. It was stipulated between the parties on the hearing of evidence that the judgment was obtained by the complainants and John Johnson-Maakestad, partners, under the firm name of " Farmers' Company " against Maakestad.

The bill prays for relief on the part of all the plaintiffs except Maakestad. It does not seek relief for him, because it is alleged that by reason of his fraudulent act the injury has been sustained. He has no right nor voice on the complainant's side of the controversy. All the right he has in common with them is to see that the money, if collected, is properly applied. No relief was decreed that was not sought by the bill. It is not necessary that the decree shall follow the exact language employed in the prayer for relief; it is sufficient if it substantially grants the relief prayed for.

Counsel for appellants contends that the judgment can not be legally collected because the note sued on was partnership property, and Maakestad was both plaintiff and defendant in the proceedings whereby the judgment was obtained. He insists that a court of equity can not lend its auxiliary jurisdiction to the purpose of collecting such judgment. It is a sufficient answer to this contention to say that the judgment is not void. Conceding that it is voidable, appellants are in no position to question its regularity in this suit. No steps have ever been taken to vacate it; nor have they asked any affirmative relief in that regard in this suit. It is quite clear from the evidence that the debt represented by the judgment is a just one. Maakestad was legally bound to contribute his share to the losses

of the concern, and had he not volunteered to do so, as he did by executing his notes, a court of chancery would have compelled such contribution.

The proofs show that the conveyance from Maakestad to his son was in fraud of complainants' rights. We are satisfied it was made for the purpose of escaping payment of what it had been determined was his part of the indebtedness.

The decree of the Circuit Court was entirely warranted under the pleadings and proofs.

*Decree affirmed.*